# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHAMAILA KHALIQ | *  *  * |
| v. | * Civil No. CCB-18-0945  *  * |
| PAREXEL INTERNATIONAL, et al | * |

## MEMORANDUM

Currently pending before the court is a motion to remand, filed by plaintiff Shamaila Khaliq. Defendant Parexel International, LLC removed the case to this court, alleging complete diversity between the parties and an amount in controversy in excess of $75,000. Parexel International, LLC opposes Ms. Khaliq's motion to remand on the grounds that the court has diversity jurisdiction. Parexel International, LLC further alleges that remand is inappropriate because the case was removed from state court before the forum defendant, Mr. Valtchev, was served. 28 U.S.C. § 1441(b). For the reasons outlined below, the court finds remand appropriate. The issues have been briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016).

## BACKGROUND

On March 15, 2018, plaintiff Shamaila Khaliq sued defendants Parexel International, LLC ("Parexel") and Ventzislav Valtchev in the Circuit Court for Baltimore City for breach of Maryland's Fair Employment Practices Act, common law battery, negligent supervision and retention, and intentional infliction of emotional distress. (Compl. ECF No. 2 at ¶¶ 101-150). Defendant Parexel was served on April 2, 2018. (ECF No. 1). Service of defendant Valtchev was

1

attempted on April 2, 2018, but Mr. Valtchev was not at home. Mr. Valtchev was successfully served on April 3, 2018. (ECF No. 11). Notice of removal to federal court was filed by Parexel on April 2, 2018. (ECF No. 1). Ms. Khaliq now moves to remand the case to state court. (ECF No. 11).

## ANALYSIS

Ms. Khaliq argues that remand is required because no grounds exist for this court's exercise of subject matter jurisdiction over the case. Parexel has argued that removal was proper based on diversity jurisdiction and pursuant to 28 U.S.C § 1441(b)(2). Because complete diversity between the parties is lacking, the plaintiff's motion for remand will be granted.

I.

The removal of a case from state to federal court "raises significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is therefore "strictly construe[d]." *Id.* And the party removing the case bears the burden of establishing the court's jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).[1] For complete diversity to exist, "none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).

For diversity purposes, a natural person is a citizen of the state in which they are domiciled. An individual is domiciled where they presently reside and intend to remain. *Texas v. Florida*, 306 U.S. 398, 424 (1939) (a party's domicile is his "residence in fact, coupled with the

---

[1] This case raises solely state law claims, so there are no grounds for federal question jurisdiction.

2

purpose to make the place of residence one's home"). A limited liability company shares the citizenship of each of its members. *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).

Domicile is assessed based on a slew of factors, including "voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes." *Scott v. Cricket Communications, LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (quoting 13 Fed. Pract. & Proc. Juris. § 3612 (3d ed. 2009)).

Ms. Khaliq has resided in Maryland for the past 13 years. (Pl.'s Aff. ECF No. 25 at ¶ 3). She attended the University of Maryland Baltimore County, is registered to vote in Maryland, pays taxes in Maryland, and has bank accounts in Maryland. (*Id.* at ¶ 3-6). For diversity purposes, Ms. Khaliq is therefore a citizen of Maryland. Ms. Khaliq's attendance at dentistry school in Florida has not altered her Maryland domicile because she has returned to Maryland during her holiday breaks, and has evinced no intent to remain in Florida permanently. (*Id.* at ¶ 5). For diversity purposes, Mr. Valtchev is also a citizen of Maryland—he lives and works in Maryland. (Compl. ECF No. 2 at ¶¶ 7-9). Parexel International, LLC was incorporated in Delaware and has its principal place of business in Massachusetts. (*Id.* at ¶ 3). Parexel International, LLC is wholly owned by, and has as its sole member, Parexel International Corporation, a company incorporated and headquartered in Massachusetts. (ECF No. 7). For diversity purposes, Parexel International, LLC is therefore a citizen of both Delaware and Massachusetts. As both Ms. Khaliq and Mr. Valtchev are citizens of Maryland, however, there is

not complete diversity between the parties, barring diversity jurisdiction.

II.

Parexel has argued that 28 U.S.C § 1441(b)(2) provides a basis for this court to exercise jurisdiction over the case. (ECF No. 18). But Parexel misunderstands the statutory scheme. Section 1441(b)(2) does not provide an alternative basis for federal jurisdiction, and it does not alter the underlying jurisdictional prerequisite that a party seeking to establish diversity jurisdiction must demonstrate complete diversity between the parties.

Rather than expanding the bases for federal court jurisdiction, § 1441(b)(2) narrows the instances in which a federal court may properly exert jurisdiction over a state court case. Section 1441(b)(2) imposes the further qualification, on top of existing jurisdictional requirements, that defendants seeking to remove their case to federal court may do so only if no forum defendant has been properly joined and served. 28 U.S.C. § 1441(b)(2).[2]

Parexel cites *Robertson v. Iuliano*, 2011 WL 453618, at *1 (D. Md. Feb. 4, 2011), *Clawson v. FedEx Ground Package System, Inc.*, 451 F.Supp.2d 731 (D. Md. 2006), and *Al-Ameri v. The Johns Hopkins Hosp.*, 2015 WL 13738588, at *2 (D. Md. June 24, 2015) in support of its argument that removal is proper under § 1441(b)(2). These cases all deal with the proper interpretation of the "properly joined and served" language of § 1441(b)(2). But § 1441(b)(2) does not alter the underlying requirements of diversity jurisdiction, and it cannot cure the lack of complete diversity in this case. *See Clawson*, 451 F.Supp.2d at 736 (if a party "had destroyed complete diversity, then his presence would have precluded removal whether or not he had been served." (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939))). Because this court cannot

---

[2] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

4

exercise diversity jurisdiction over the case absent complete diversity between the parties, further inquiry into §1441(b) is unnecessary.

## CONCLUSION

For the reasons stated above, the plaintiff's motion to remand will be granted. A separate order follows.

_8/21/18_
Date

_/s/ CCB_
Catherine C. Blake
United States District Judge